**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CENTA SCHULTZ and CHARLES
SCHULTZ, husband and wife,

       Plaintiffs,

v.                                                                    No.:

THOMAS BYRNE M.D.,
DEMING HOSPITAL CORPORATION,
d/b/a MIMBRES MEMORIAL HOSPITAL,
COMMUNITY HEALTH SYSTEMS, INC.,
COMMUNITY HEALTH SYSTEMS PROFESSIONAL
SERVICES, INC.,

       Defendants.

**COMPLAINT FOR DAMAGES FOR MEDICAL NEGLIGENCE**

COMES NOW the Plaintiffs Centa Schultz and Charles Schultz, by and through their attorneys, Bette R. Velarde and Thomas F. Stewart, and for their complaint against Defendants state:

**GENERAL ALLEGATIONS**

1. Plaintiffs, Centa and Charles Schultz, husband and wife, are residents of Casa Grande, State of Arizona.

2. Defendant Thomas Byrne, M.D. ("Defendant Byrne") is a resident of Luna County, New Mexico and is a licensed physician and practices medicine in Luna County, New Mexico.

3. Defendant Deming Hospital Corporation, dba/Mimbres Memorial Hospital ("the Hospital"), is a New Mexico corporation with its principal place of business in Deming, New Mexico.

4. The Hospital is a wholly owned subsidiary of Community Health Systems, Inc. ("CHS"), a Delaware corporation, whose principal place of business is in Franklin, Tennessee.

5. Community Health Systems Professional Services Corporation ("CHS Professional Services") is a Delaware corporation, whose principal place of business is in Franklin, Tennessee and which provides management services to the Hospital.

6. The Court has jurisdiction of this matter pursuant to 28 USC §1332.

7. Plaintiffs' damages exceed the jurisdictionally required amount of $75,000.00 exclusive of costs and interest.

8. At all material times, CHS and CHS Professional Services ("the CHS Defendants") managed and directed every facet of the Hospital's operations.

9. The CHS Defendants recruited Defendant Byrne to practice in Deming and to provide surgical and other services in the Hospital.

10. At all times pertinent hereto, all Defendants and Plaintiff had a medical care provider and patient relationship.

## COUNT ONE

11. Defendant Byrne, a physician specializing in obstetrics-gynecology, provided medical care to Plaintiff Centa Schultz ("Centa"), in Deming, New Mexico.

12. Defendant Byrne diagnosed Centa with a complex ovarian cyst and enlarged left

ovary.

13. Centa had a history, known to Defendant Byrne, of a prior abdominal surgery.

14. On or about April 27, 2007 Defendant Byrne performed a diagnostic laparoscopy, lysis of abdominal adhesions and bilateral salpingo oophorectomy on Centa.

15. During the surgery, Defendant Byrne damaged Centa's colon.

16. On April 27, 2007, Defendant Byrne admitted Centa to the Hospital after her surgery, despite the previous plan that she would be released from the Hospital after surgery.

17. While hospitalized, Centa began to demonstrate signs and symptoms of serious post-surgical complications.

18. Defendant Byrne was negligent and the care he provided to Centa fell below the standard of care required.

19. As a direct and proximate result of the negligence of Defendant Byrne, Centa suffered serious and disabling injuries and other damages.

20. Defendant Byrne's conduct in his care of Centa was willful, reckless, or wanton subjecting him to punitive damages.

## COUNT TWO

21. Plaintiffs reallege all allegations contained in Paragraphs 1 through 18 above as though set forth fully herein.

22. One or all of the CHS Defendants and the Hospital negligently recruited Defendant Byrne to practice medicine in Deming, New Mexico at the Hospital.

23. One or all of the CHS Defendants and the Hospital negligently granted hospital privileges to Defendant Byrne.

24. The CHS Defendants and the Hospital failed to conduct an appropriate and thorough credentialing and re-credentialing investigation and failed to supervise or monitor Dr. Byrne, a physician performing surgeries on their patients at the Hospital.

25. The Defendants provided medical care to Plaintiff Centa Schultz in a careless and reckless manner and with reckless and wanton disregard to Plaintiff's health and physical well-being.

26. The Defendants failed to exercise reasonable care for the health and safety of Plaintiff.

27. As a direct and proximate result of the negligence of Defendants, Centa suffered serious and disabling injuries and other damages.

## COUNT THREE

28. Plaintiffs reallege all allegations contained in Paragraphs 1 through 18 above as though set forth fully herein.

29. Defendants' negligence caused Plaintiffs the loss of Centa's household services and the loss of her services in the future.

30. Defendants' negligence caused Plaintiff Charles Schultz a loss of consortium resulting from Centa's injuries.

WHEREFORE, Plaintiffs request judgment against the Defendants in an amount sufficient to compensate them for their damages, for their attorneys' fees and for the costs incurred in pursuing this claim, for interest, including pre-judgment interest,

punitive damages and such other and further relief as the Court may deem appropriate.

Respectfully submitted,

<u>/s/ Thomas F. Stewart</u>
Bette R. Velarde, Esq.
Velarde Law Office
1228 Central Ave. SW
Albuquerque, NM 87102
505-842-0062

and

Thomas F. Stewart
P.O. Box 3046
Silver City, New Mexico 88062
575-538-5353