## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CENTA SCHULTZ, and
CHARLES SHULTZ, husband
and wife,

      Plaintiffs,

v.                                                                    CIV 08-1182 WJ/GBW

THOMAS BYRNE, M.D.
DEMING HOSPITAL CORPORATION,
doing business as MIMBRES MEMORIAL
HOSPITAL, COMMUNITY HEALTH
SYSTEMS INC., COMMUNITY HEALTH
SYSTEMS PROFESSIONAL SERVICES,
INC.,

      Defendants.

## INITIAL SCHEDULING ORDER

This cause is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court will apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **Thursday, August 13, 2009**, to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")* which

follows the sample JSR available at the Court's web site.[1]   The blanks for suggested/proposed dates are to be filled in by the parties.   Actual dates will be promulgated by order of the court shortly after entry of the JSR.   Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **Thursday, August 20, 2009.**

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted by telephone **on Thursday, August 27, 2009, at 9:30 a.m.**   Counsel for Plaintiff shall initiate and coordinate the telephone conference call to (575) 528-1460.  It is recommended that a reliable long-distance carrier be used to insure sound quality.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[2] hearing is needed, initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2).  We will also discuss settlement prospects and alternative dispute resolution possibilities and consideration of consent pursuant to 28

---

[1]  Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007.  Please visit the Court's web site, www.nmcourt.fed.us to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (1993).

U.S.C. § 636(c).  Client attendance is not required.  If service on all parties is not complete,

plaintiff(s), whether appearing through counsel or *pro se*, is (are) responsible for notifying

all parties of the content of this order.

Pre-trial practice in this cause shall be in accordance with the foregoing.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE