IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CENTA SCHULTZ, and
CHARLES SCHULTZ, husband and wife,

      Plaintiffs,

      v.                                       Civil No. 2:08-CV-1182 ACT/ WDS

THOMAS BYRNE, M.D.,
DEMING HOSPITAL CORPORATION, D/B/A
MIMBRES MEMORIAL HOSPITAL,
COMMUNITY HEALTH SYSTEMS, INC., and
COMMUNITY HEALTH SYSTEMS PROFESSIONAL
SERVICES, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION AS PREMATURE AND ORDERING DEADLINES SET FOR DISCOVERY LIMITED TO ISSUE OF PERSONAL JURISDICTION**

      THIS MATTER comes before the Court upon a Motion to Dismiss for Lack of Personal Jurisdiction filed on May 26, 2009 **(Doc. 18)** by Defendant Community Health Systems, Inc. This is a medical malpractice case in which federal jurisdiction is alleged to be based on diversity under 28 U.S.C. § 1332. Because the Court grants Plaintiff's request to engage in limited discovery as to the jurisdictional issue, the Court shall deny this motion as premature.

**Background**

      This is a medical malpractice case. According to the complaint, Carla Schultz was diagnosed by Defendant Byrne, a physician specializing in obstetrics-gynecology, with a complex ovarian cyst and enlarged left ovary. Ms. Schultz exhibited post-surgical complications

which resulted in Plaintiff suffering serious and disabling injuries.

Plaintiffs allege that Defendant Byrne's care was negligent and fell below the standard of medical care required and that his conduct subjects him to punitive damages.  Plaintiffs are suing both the hospital at which the alleged negligence occurred and the doctor who performed the surgery, as well as the named corporate Defendants. The instant motion pertains only to Community Health Systems, Inc. ("CHSI").  Plaintiffs' claims against the corporate Defendants are based on negligence in recruitment of Defendant Byrne in granting him hospital privileges and in a failure to supervise or monitor Defendant Byrne through credentialing and re-credentialing.  Defendant CHSI contends that it is merely a holding company with no employees and is not subject to jurisdiction in New Mexico.

## I.     Legal Standard

A federal district court may only exercise personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir.2002). Further, an exercise of personal jurisdiction under state law must comport with the Fourteenth Amendment's due process clause. *Id*.   The due process jurisdictional analysis is conducted in two steps.  At the first step, the Court examines "whether the non-resident defendant has 'minimum contacts with the forum state such that he should reasonably anticipate being haled into court there." *Melea, Ltd v. Jawer Sa*, 488 F.3d 1060, 1065 (10th Cir. 2007). If the defendant has sufficient contacts, the Court proceeds to the second step.  At this step, the question is whether the Court's exercise of jurisdiction over the defendant offends "traditional notions of fair play and substantial justice," that is, whether the exercise of jurisdiction is "reasonable" under the circumstances. *Id*. at 1066.

The "minimum contacts" standard may be met in either of two ways. When the defendant has "continuous and systematic general business contacts" with the forum state, courts in that state may exercise *general jurisdiction* over the defendant. *Helicopteros Nacionales de Colombia, S.A., v. Hal*l, 466 U.S. 408, 414-15 (1984). When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise *specific jurisdiction* in cases that "'arise out of or relate to' those activities." *Burger King v. Rudzewic*z, 471 U.S. 462, 472- 3 (1985) (citations omitted);

**II.     Analysis**

Defendant CHSI relies on case law which holds that there is no personal jurisdiction over a parent company where the parent company does not interfere in the internal management of the subsidiary corporation. *Jemez Agency Inv. v. CIGNA Corp*, 866 F.Supp. 1340, 1343 (D.N.M. 1994) (citing *Scott v. AZL Resources, Inc*., 107 N.M. 118, 121, 753 P.2d 897, 900 (1988)). However, Plaintiff correctly notes that the particular facts surrounding the relationship between the parent company and its subsidiary are "crucial in evaluating jurisdiction . . . ." *See Alto Eldorado v. Amrep Corp*, 138 N.M. 607, 616 (N.M.App. 2005) (quoting *Energy Reserves Group, Inc. v. Superior Oil Co*, 460 F.Supp. 483, 508 (D.Kan. 1978)).  The jurisdictional inquiry "turn on the facts of each case. . . ." *Id*.  Plaintiff thus requests additional time for discovery focusing on the jurisdictional question.

Defendant presents an affidavit by the Vice Present and Senior Litigation Counsel which states that CHSI does not control the day-by-day operations of the hospital.  However, neither this affidavit nor the corporate profiles, financial highlights and stockholders' reports which

Defendant provides as exhibits to the reply, resolve the jurisdictional question.[1]  In other words, Defendant's description of its purpose and activities does not necessarily answer whether it has ever had dealings with New Mexico which meet the minimum contacts standard of due process and which would justify the exercise of personal jurisdiction over Defendant.

As Plaintiff notes, this case is in its early stages, and Defendant would not be prejudiced in having to go forward with discovery which is limited in its scope to the jurisdictional issue.

**THEREFORE,**

**IT IS ORDERED** that Defendant CHSI's Motion to Dismiss for Lack of Personal Jurisdiction **(Doc. 18)** is hereby DENIED as premature;

**IT IS FURTHER ORDERED** that this case is referred to the United States Magistrate Judge assigned to this case in order to establish appropriate deadlines for discovery which shall be limited to the jurisdictional question.   Defendant may submit a motion to dismiss based on lack of personal jurisdiction at the close of such discovery.

_____
UNITED STATES DISTRICT JUDGE

---

[1] For example, Doc. 31-3 is a copy of an open "Letter to Shareholders" which discusses the success of its "aggressive acquisition strategy," and physician recruitment.  The statements in the document do not shed light on or resolve any aspect of the jurisdictional question.