IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CENTA SHULTZ, and
CHARLES SHULTZ,
husband and wife,

      Plaintiff,                                                            No. 08-CV-1182 WJ-GBW

v.

THOMAS BYRNE, M.D.,

      Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court on the Defendant's Motion to Compel, filed on February 10, 2010.  *Doc. 93.*  Defendant moves to compel a complete response to Interrogatory 25 and production of materials described in Second Set of Requests for Production Nos. 1 and 2.  Briefing on the matter was completed on March 9, 2010.  *Doc. 97, 99.*  The Court concludes that no hearings or further argument are necessary.

The disputed discovery requests seek documents and information pertaining to Plaintiffs' claims for medical expenses.  Specifically, Defendant requests "documents and information concerning (a) amount of the charge, (b) the individual or entity who generated the charge, (c) the date the charge was generated, (d) the purpose of the

charge, (e) the amounts of charges paid by Plaintiff, (f) the identity of third parties who have paid any of the charges along with the amount of charges, (g) the amount of charges written off or adjusted by Plaintiff's healthcare providers, and (h) the holder and identity of lien holders." *Id.* at 1-2.  Plaintiffs object to providing the information and documents described in subsections (e), (f) and (g).  *Doc. 97* at 1.

Plaintiffs contend that the information sought is evidence of payment of medical bills by a collateral source.  *Id.* at 2.  They argue that, because such evidence would be inadmissible under the collateral source doctrine, such information should not be discoverable.  *Id.* at 2-13; *see Pipkins v. TA Operating Corporation*, 466 F. Supp. 2d 1255 (D.N.M. 2006).

Of course, the question at this stage is not whether the requested information would be admissible.  Instead, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).  It cannot be disputed that the reasonable value of the medical services provided is a material issue in the case, and that evidence bearing on that value (not excluded by the collateral source rule) would be relevant and admissible.  *See Doc. 93* at 3; *Doc. 97* at 12.

Defendant Byrne argues that "the amounts accepted by Plaintiff's healthcare providers is the best indicator of the reasonable value of medical care received by Plaintiff."  *Doc. 93* at 3.  Of course, Defendant Byrne need not accept the initial medical

2

bills as the final word on the "reasonable value" of the medical services provided. Even if the specific information sought in these discovery requests would be excluded by the collateral source rule, Defendant Byrne may use other methods of questioning the face amounts of the medical bills as equivalent to the reasonable value of Plaintiff Shultz' medical expenses. *See e.g. Aumund v. Dartmouth Hitchcock Medical Center*, 611 F. Supp. 2d 78, 92 n.13 (D.N.H. 2009). Information sought in the disputed requests may lead to evidence supporting such other methods. For example, if large charges for particular procedures were "written off," Defendant may investigate further the market value of those procedures. Therefore, the requested information is discoverable under Rule 26.

Importantly, the Court need not and does not express any opinion regarding the applicability to the collateral source rule to this evidence or to its admissibility at trial.

Finally, despite this ruling granting the Motion to Compel, the Court finds that Plaintiffs' nondisclosure was substantially justified. Therefore, the Court will not order payment of expenses by Plaintiffs.

IT IS HEREBY ORDERED that Defendant's Motion to Compel is granted.

_____
Gregory B. Wormuth
United States Magistrate Judge