IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CENTA SHULTZ, and
CHARLES SHULTZ,
husband and wife,

      Plaintiff,                                        No. 08-CV-1182 WJ-GBW

v.

THOMAS BYRNE, M.D.,

      Defendant.

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND TIME FOR DEPOSITIONS

THIS MATTER came before the Court on the Plaintiffs' Motion to Extend Time for Depositions, filed on February 23, 2010.  *Doc. 96.*  This matter is fully briefed and the Court has held a hearing on the issue.  *Doc. 100, 106, 112.*  The Court concludes that no further hearings or argument are necessary.

Plaintiffs' original Motion describes the need to extend the discovery deadline by thirty days to allow for the depositions of three individuals: Dr. Stafford, Dr. Ault and Dr. Latifi.  *Doc. 96.*  Defendant Byrne has no objection to extending the discovery deadline for the depositions of Dr. Stafford or Dr. Ault.  *Doc. 100.*  In fact, those depositions took place in the month during which this Motion was being briefed.  *Doc. 112.*  Therefore, the Court will grant the extension for those two depositions.

Defendant, however, does object to an extension for Dr. Latifi's deposition. Defendant contends that Plaintiff has failed to show "good cause" to modify the discovery deadline as required by FED. R. CIV. P. 16(b)(4). At the hearing, Plaintiffs frankly confessed to lacking good cause to extend the discovery deadline for Dr. Latifi's deposition. *Doc. 112*. Plaintiffs instead explains, as they did for the first time in the Reply,[1] that they seek Dr. Latifi's deposition for the purposes of preserving his testimony at trial and not for discovery purposes. *Doc. 106* at 1-3. Therefore, Plaintiffs argue that such a deposition should not be governed by the discovery deadline and subject to the good cause requirement for modification.

Instead, because not permitting Dr. Latifi's deposition would effectively exclude his testimony due to his unavailability for trial, Plaintiffs ask the court to utilize the *Summers* factors when reaching a decision on this matter. In *Summers*, the Court explained that, "before a trial court decides to exclude evidence, it should consider four factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or

---

[1] Given that Plaintiff raised this argument for the first time in her Reply, the Court offered Defendant the opportunity to file a written response to this argument. Defendant elected to rely on oral argument alone.

willfulness in failing to comply with the court's order." *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997).

Plaintiffs point this Court to *Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D.Colo. 2001) in support of this approach. The Court finds the *Estenfelder* analysis persuasive. In *Estenfelder*, the court recognized the debate over whether there is a meaningful distinction between discovery and trial depositions. *Id.* at 352. Moreover, even if such a distinction exists, it might be difficult to definitely identify which is which. *Id.* at 354-55. And, certainly, recognizing a distinction introduces the possibility of gamesmanship with the discovery deadlines. *Id.* Nonetheless, *Estenfelder* concluded that flexibility was preferable to inflexibility. *Id.* at 355. Consequently, *Estenfelder* looked to the *Summers* factors to decide whether a trial deposition should be permitted.

Dr. Latifi is a specialist surgeon who is located out of state. Plaintiffs turned over medical records from Dr. Latifi's treatment months ago. Plaintiffs have long identified Dr. Latifi as a trial witness. Given the difficulty Plaintiffs have had in reaching Dr. Latifi and the fact that he lives outside the District and beyond 100 miles from the trial's location, it is very likely that Dr. Latifi will be unavailable as a live witness at trial. As described in Plaintiffs' Reply, the deposition of Dr. Latifi bears all the earmarks of a trial deposition as opposed to a discovery deposition. Defendant does not allege, nor does the Court see, any bad faith or gamesmanship by Plaintiffs which led to the delay of this deposition.

Defendant argues that he will be prejudiced by permitting the deposition of Dr. Latifi because (1) the expense of the travel and deposition, and (2) the possibility that Dr. Latifi's testimony will require the reopening of concluded depositions of other medical experts.  The expense argument is easily dealt with given that the expense of this deposition will not be increased due to the delay.  The second issue is more meritorious.  However, the Court is convinced that this potential problem does not necessitate prohibiting Dr. Latifi's deposition as an initial matter.  After the deposition, if such issues have arisen, then the Court can address them at that time.

Applying the *Summers* factors, the Court concludes that the deposition of Dr. Latifi should be permitted.  The parties are directed to schedule and complete the deposition within 30 days from the date of this Order.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Extend Time for Depositions is granted.

_____
Gregory B. Wormuth
United States Magistrate Judge